3.

United States District Court
District of Connecticut
FILED AT NEW HAVEN
5/13 2004
Kevin F. Rowe, Clerk
By [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Grand Jury N-03-2

UNITED STATES OF AMERICA

v.

ANTHONY MEGALE,
VICTOR RICCITELLI,
GERARD GRECCO,
VINCENT FIORE,
RICHARD TERICO,
DAVID BEAN,
JOSE GUZMAN,
HECTOR FERNANDEZ,
WILLIAM WILLIAMS, JR.,
IGNAZIO ALOGNA,
JOSEPH MASCIA,
JOHN MASCIA, JR.,
HENRY FELLELA, JR.,
ALFRED SCIVOLA, JR.

CRIMINAL NO. 3:04CR28(JBA) MMR

**VIOLATIONS:**

| | |
|---|---|
| COUNT 1: | RICO (18 U.S.C. § 1962(c) & 2) |
| COUNTS 2-40: | Hobbs Act Extortion (18 U.S.C. §§ 1951 & 2) |
| COUNTS 41-43: | Illegal Gambling Businesses (18 U.S.C. §§ 1955 & 2) |
| COUNTS 44-45: | Attempted Hobbs Act Extortion (18 U.S.C. §§ 1951 & 2) |
| COUNTS 46 & 48: | Narcotics Conspiracy (21 U.S.C. § 846) |
| COUNTS 47 & 49: | Narcotics Distribution (21 U.S.C. § 841 & 18 U.S.C. § 2) |

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNT ONE: RICO**
18 U.S.C. §§ 1962(c)

GENERAL ALLEGATIONS

1. At various times material to this Superseding Indictment, in the District of Connecticut and elsewhere, **ANTHONY MEGALE, VICTOR RICCITELLI,** and **GERARD GRECCO,** the defendants herein, and others known and unknown to the Grand Jury, were members and associates of an organization known as the Gambino Family of La Cosa Nostra (hereafter referred to as "the Gambino Family" or "the Enterprise"), which engaged in, among other things, extortion and illegal gambling.

2. At all times material to this Superseding Indictment, "La Cosa Nostra," commonly referred to as "the Mafia," was a nationwide clandestine criminal organization that engaged in various crimes including murder, kidnaping, assault, extortion, loansharking, and illegal gambling in the District of Connecticut and elsewhere.

3. At all times material to this Superseding Indictment, the Gambino Family, which is one of the five families that comprise La Cosa Nostra, was a clandestine criminal organization that engaged in various crimes, including murder, kidnaping, assault, extortion, loan sharking and illegal gambling in, among other places, the District of Connecticut.

4. At all times material to this Superseding Indictment, **MEGALE**, also known as "Tony" and "The Genius," was a member of the Gambino Family. In August 2001, approximately, **MEGALE** became a "Capo" within the Gambino Family and, for approximately the past two years, has served as the "Underboss" of the Gambino Family.

5. As Underboss, **MEGALE** reports to the "Boss" of the Gambino Family, helps decide

disciplinary issues involving the family, and assists in resolution of internal family disputes, among other responsibilities.

6. At all times material to this Superseding Indictment, **VICTOR RICCITELLI** was an associate of the Gambino Family. In or about July 2003, **RICCITELLI** became a "made" member, that is, a soldier, of the Gambino Family.

7. At all time material to this Superseding Indictment, **GERARD GRECCO** was an associate of the Gambino Family.

8. Businessman #1, who is not a defendant but whose identity is known to the Grand Jury, has, for a number of years including those material to this Superseding Indictment, owned and operated nightclubs located in Fairfield County, Connecticut. The operation of these businesses involves and affects interstate and foreign commerce.

9. Businessman #2, who is not a defendant but whose identity is known to the Grand Jury, has, for a number of years including those material to this Superseding Indictment, owned and operated a vending machine company located and operated in Fairfield County, Connecticut. The operation of this business involves and affects interstate and foreign commerce.

THE RACKETEERING ENTERPRISE

10. From on or before 1990 up to and including on or about February 11, 2004, in the District of Connecticut and elsewhere, the Gambino Family of La Cosa Nostra, including its leadership, membership, and associates, constituted an enterprise as defined by Title 18, United States Code, § 1961(4), that is, a group of individuals and entities associated in fact. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise. This

enterprise was engaged in, and its activities affected, interstate and foreign commerce.

OBJECTIVES OF THE RACKETEERING ACTIVITY

11. It was the objective of the defendants, **ANTHONY MEGALE, VICTOR RICCITELLI, and GERARD GRECCO**, and other persons associated with the Enterprise, to conduct the business and affairs of the Enterprise through a pattern of criminal activity, consisting of violations of the laws of the United States and the State of Connecticut, for the personal and pecuniary benefit of members of and persons associated with the Enterprise.

MANNER AND MEANS OF THE ENTERPRISE

12. Among the manner and means employed by the defendants, **ANTHONY MEGALE, VICTOR RICCITELLI and GERARD GRECCO,** and their associates in conducting and participating in the affairs of the Enterprise include the following:

a. **MEGALE, RICCITELLI, GRECCO,** and their associates met periodically to conduct and to further the affairs and objectives of the Enterprise;

b. **MEGALE, RICCITELLI, GRECCO,** and their associates would and did travel in and use facilities in interstate commerce in aid of their racketeering activities and to conduct and to further the affairs and objectives of the Enterprise;

c. **MEGALE, RICCITELLI, GRECCO,** and their associates would and did travel in, or cause travel in, interstate commerce and use facilities in interstate commerce to distribute the proceeds of their racketeering activities;

d. **MEGALE, RICCITELLI, GRECCO,** and their associates would and did sanction, conspire to commit, attempt to commit, threaten to commit, commit, and solicit the commission of acts of violence and intimidation in aid of their racketeering activities and to conduct and to further the affairs and objectives of the Enterprise;

e. Beginning in or about August 2002 and continuing to on or about February 3, 2004, **MEGALE** would and did extort payments of money and other items of value from Businessman #1;

f. Beginning no later than in or about August 2002 and continuing to on or about February 3, 2004, **MEGALE** and members and associates of the Enterprise would and did extort payments of money and other items of value from Businessman #2;

g. Beginning no later than in or about 1990 and continuing through to in or about May 2004, **MEGALE, RICCITELLI, GRECCO,** and their associates would and did conduct illegal gambling businesses.

THE RACKETEERING VIOLATION

13. Beginning in or about 1995 and continuing to in or about May 2004, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants, **ANTHONY MEGALE, VICTOR RICCITELLI, and GERARD GRECCO**, together with others known and unknown to the Grand Jury, being persons associated with and employed by the Enterprise identified herein, which was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and unlawfully conduct and participate in,

directly and indirectly, the conduct of the affairs of the Enterprise through a pattern of racketeering activity, that is, through the commission of Racketeering Acts One through Thirty-Eight as set forth below.

THE PATTERN OF RACKETEERING ACTIVITY

14. The pattern of racketeering activity, as that term is defined by Title 18, United States Code, §§ 1961(1) and 1961(5), consisted of the following acts:

A. INTERFERENCE WITH INTERSTATE COMMERCE BY EXTORTION

**Racketeering Act 1 through Racketeering Act 19: General Allegations**
(Extortion of Businessman #1 – Defendant Anthony Megale)

15. In or about the Summer of 2002, Businessman #1 operated nightclubs located in Fairfield County, Connecticut.

16. In or about August 2002, Businessman #1 met with **ANTHONY MEGALE** after Businessman #1 had been approached by members and associates of the Gambino Family and another organized crime family who sought to extort payments from him, his associates, and his businesses.

17. Thereafter, **MEGALE** represented, in essence, the following to Businessman #1: that he was a high-ranking member of the Enterprise; that he had met with the leadership of the Enterprise concerning Businessman #1's situation; and that he had prevented members and associates of the rival organized crime family from extorting payments from Businessman #1.

18. In or about September 2002, **MEGALE** informed Businessman #1 that he would have to pay **MEGALE** for "protection," that is, to ensure the safety of himself and his associates, his property, and his businesses and to prevent disruptions of his businesses. **MEGALE**

demanded payment of $2,000 each and every month, plus an additional amount as a yearly "Christmas bonus."

19. At times material to this Superseding Indictment, **MEGALE** threatened Businessman #1 and his associates with violence and destruction of property and disruption of business if and when payment of the amounts demanded was late or otherwise not forthcoming.

20. On or about the dates set forth below, Businessman #1 made the following payments in the approximate amounts set forth below to **MEGALE** and, in each instance, in the District of Connecticut and elsewhere, defendant **ANTHONY MEGALE** did unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, § 1951(b)(3), and the movement of articles and commodities in such commerce, and did attempt so to do, by extortion, as that term is defined in Title 18, United States Code, § 1951(b)(2), in that defendant **MEGALE** did obtain and attempt to obtain money and other items of value of Businessman #1, with said businessman's consent having been induced by the wrongful use of actual and threatened force, violence and fear, including but not limited to fear of physical and economic harm.

In violation of Title 18, United States Code, §§ 1951 and 2.

**Racketeering Act 1 through Racketeering Act 19: Specific Allegations**
(Extortion of Businessman #1 – Defendant Anthony Megale)

| RACKETEERING ACT | DATE OF PAYMENT | AMOUNT |
|---|---|---|
| 1 | November 11, 2002 | $2,000 |
| 2 | November 18, 2002 | $2,000 |
| 3 | December 7, 2002 | $2,000 |

| | | |
|---|---|---|
| 4 | December 11, 2002 | $3,000 |
| 5 | January 7, 2003 | $2,000 |
| 6 | February 3, 2003 | $2,000 |
| 7 | March 3, 2003 | $2,000 |
| 8 | April 1, 2003 | $2,000 |
| 9 | April 29, 2003 | $2,000 |
| 10 | June 2, 2003 | $2,000 |
| 11 | July 2, 2003 | $2,000 |
| 12 | July 30, 2003 | $2,000 |
| 13 | September 2, 2003 | $2,000 |
| 14 | October 2, 2003 | $2,000 |
| 15 | November 6, 2003 | $2,000 |
| 16 | December 2, 2003 | $2,000 |
| 17 | January 7, 2004 | $2,000 |
| 18 | January 7, 2004 | $2,500 |
| 19 | February 3, 2004 | $2,000 |

**Racketeering Act 20 through Racketeering Act 35: General Allegations**
(Extortion of Businessman #2 – Defendant Anthony Megale)

21. In or about the Summer of 2002, Businessman #2 operated a vending machine business located in Fairfield County, Connecticut.

22. From in or about 1996 through in or about the Summer of 2002, Businessman #2 had been the victim of extortion by members and associates of the Enterprise in that he had been

making monthly payments to members and associates of the Enterprise for the privilege of operating a vending machine business in Connecticut.

23. In or about September 2002, **MEGALE,** in essence, informed Businessman #2, or caused him to be so informed, that, rather than pay the members and associates of the Enterprise to whom he had previously made payment, he would have to pay **MEGALE** for "protection," that is, to ensure the safety of himself, his associates, his property, and his business, to prevent the disruption of his business, and to assure the continued operation of his business without interruption or adverse consequence. **MEGALE** demanded payment of $200 each and every month from Businessman #2.

24. On or about the dates set forth below, Businessman #2 made the following payments in the approximate amounts set forth below to **MEGALE** and, in each instance, in the District of Connecticut and elsewhere, defendant **ANTHONY MEGALE** did unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, § 1951(b)(3), and the movement of articles and commodities in such commerce, and did attempt so to do, by extortion, as that term is defined in Title 18, United States Code, § 1951(b)(2), in that defendant **MEGALE** did obtain and attempt to obtain money and other items of value of Businessman #2, with said businessman's consent having been induced by the wrongful use of actual and threatened force, violence and fear, including but not limited to fear of physical and economic harm.

In violation of Title 18, United States Code, §§ 1951 and 2.

**Racketeering Act 20 through Racketeering Act 35: Specific Allegations**
(Extortion of Businessman #2 – Defendant Anthony Megale)

| RACKETEERING ACT | DATE OF PAYMENT | AMOUNT |
|---|---|---|
| 20 | November 11, 2002 | $200 |
| 21 | December 7, 2002 | $200 |
| 22 | January 7, 2003 | $200 |
| 23 | February 3, 2003 | $200 |
| 24 | March 3, 2003 | $200 |
| 25 | April 1, 2003 | $200 |
| 26 | April 29, 2003 | $200 |
| 27 | June 2, 2003 | $200 |
| 28 | July 2, 2003 | $200 |
| 29 | August 2, 2003 | $200 |
| 30 | September 2, 2003 | $200 |
| 31 | October 2, 2003 | $200 |
| 32 | November 6, 2003 | $200 |
| 33 | December 2, 2003 | $200 |
| 34 | January 7, 2004 | $200 |
| 35 | February 3, 2004 | $200 |

B. ILLEGAL GAMBLING BUSINESSES

**Racketeering Act 36**
(Video Gambling Machines – Defendants Anthony Megale, Victor Riccitelli, Gerard Grecco)

25. From in or about 1995, and continuously thereafter up to and including in or about

May 2004, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **ANTHONY MEGALE, VICTOR RICCITELLI, and GERARD GRECCO,** the defendants herein, and others known and unknown to the Grand Jury, did unlawfully, willfully and knowingly conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, said illegal gambling business involving the operation and maintenance of a video gambling machine business, in violation of the laws of the State of Connecticut, including Connecticut General Statutes, Sections 53-278a, 53-278b, 53-278c, 53-278d, and 53-278e, which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of said business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, §§1955 and 2.

**Racketeering Act 37**

(Sports Bookmaking – Defendants Anthony Megale, Victor Riccitelli, Gerard Grecco)

26. From in or about 1995, and continuously thereafter up to and including in or about May 2004, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **ANTHONY MEGALE, VICTOR RICCITELLI, and GERARD GRECCO,** the defendants herein, and others known and unknown to the Grand Jury, did unlawfully, willfully and knowingly conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, said illegal gambling business involving the operation of a sports bookmaking business, in violation of the laws of the State of Connecticut, including Connecticut General Statutes, Sections 53-278a, 53-278b, 53-278c, 53-278d, and 53-278e, which illegal

gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of said business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, §§1955 and 2.

**Racketeering Act 38**
(Numbers Operation – Defendants Anthony Megale, Victor Riccitelli, Gerard Grecco)

27. From in or about 1995, and continuously thereafter up to and including in or about May 2004, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **ANTHONY MEGALE, VICTOR RICCITELLI, and GERARD GRECCO**, the defendants herein, and others known and unknown to the Grand Jury, did unlawfully, willfully and knowingly conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, said illegal gambling business involving the operation of an illegal numbers operation, in violation of the laws of the State of Connecticut, including Connecticut General Statutes, Sections 53-278a, 53-278b, 53-278c, 53-278d, and 53-278e, which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of said business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, §§1955 and 2.

All in violation of Title 18, United States Code, §§ 1962(c) and 2.

**COUNTS TWO THROUGH TWENTY-TWO: HOBBS ACT EXTORTION**

18 U.S.C. §§1951 and 2

(Businessman #1 – Defendant Anthony Megale)

28. Paragraphs 1 through 20 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

29. At all times material to this Superseding Indictment, Businessman #1 was engaged in the business of operating nightclubs, the activities of which affected interstate and foreign commerce.

30. On or about the dates set forth below, each date constituting a separate count of this Superseding Indictment, Businessman #1 made the following payments in the approximate amounts set forth below to **MEGALE** and, in each instance, in the District of Connecticut and elsewhere, defendant **ANTHONY MEGALE** did unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, § 1951(b)(3), and the movement of articles and commodities in such commerce, and did attempt so to do, by extortion, as that term is defined in Title 18, United States Code, § 1951(b)(2), in that defendant **MEGALE** did obtain and attempt to obtain money and other items of value of Businessman #1, with said businessman's consent having been induced by the wrongful use of actual and threatened force, violence and fear, including but not limited to fear of physical and economic harm.

| COUNT | DATE OF PAYMENT | AMOUNT |
|---|---|---|
| 2 | November 11, 2002 | $2,000 |
| 3 | November 18, 2002 | $2,000 |
| 4 | December 7, 2002 | $2,000 |
| 5 | December 11, 2002 | $3,000 |

| | | |
|---|---|---|
| 6 | January 7, 2003 | $2,000 |
| 7 | February 3, 2003 | $2,000 |
| 8 | March 3, 2003 | $2,000 |
| 9 | April 1, 2003 | $2,000 |
| 10 | April 29, 2003 | $2,000 |
| 11 | June 2, 2003 | $2,000 |
| 12 | July 2, 2003 | $2,000 |
| 13 | July 30, 2003 | $2,000 |
| 14 | September 2, 2003 | $2,000 |
| 15 | October 2, 2003 | $2,000 |
| 16 | November 6, 2003 | $2,000 |
| 17 | December 2, 2003 | $2,000 |
| 18 | January 7, 2004 | $2,000 |
| 19 | January 7, 2004 | $2,500 |
| 20 | February 3, 2004 | $2,000 |
| 21 | March 1, 2004 | $2,000 |
| 22 | March 30, 2004 | $2,000 |

In violation of Title 18, United States Code, §§ 1951 and 2.

## COUNTS TWENTY-THREE THROUGH FORTY: HOBBS ACT EXTORTION

18 U.S.C. §§1951 and 2
(Businessman #2 – Defendant Anthony Megale)

31. Paragraphs 1 though 14 and 21 through 24 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

32. At all times material to this Superseding Indictment, Businessman #2 was engaged in the business of operating a vending machine business, the activities of which affected interstate and foreign commerce.

33. On or about the dates set forth below, each date constituting a separate count of this Superseding Indictment, Businessman #2 made the following payments in the approximate amounts set forth below to **MEGALE** and, in each instance, in the District of Connecticut and elsewhere, defendant **ANTHONY MEGALE** did unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, § 1951(b)(3), and the movement of articles and commodities in such commerce, and did attempt so to do, by extortion, as that term is defined in Title 18, United States Code, § 1951(b)(2), in that defendant **MEGALE** did obtain and attempt to obtain money and other items of value of Businessman #2, with said businessman's consent having been induced by the wrongful use of actual and threatened force, violence and fear, including but not limited to fear of physical and economic harm.

| COUNT | DATE OF PAYMENT | AMOUNT |
|---|---|---|
| 23 | November 11, 2002 | $200 |
| 24 | December 7, 2002 | $200 |
| 25 | January 7, 2003 | $200 |
| 26 | February 3, 2003 | $200 |
| 27 | March 3, 2003 | $200 |
| 28 | April 1, 2003 | $200 |
| 29 | April 29, 2003 | $200 |
| 30 | June 2, 2003 | $200 |

| | | |
|---|---|---|
| 31 | July 2, 2003 | $200 |
| 32 | August 2, 2003 | $200 |
| 33 | September 2, 2003 | $200 |
| 34 | October 2, 2003 | $200 |
| 35 | November 6, 2003 | $200 |
| 36 | December 2, 2003 | $200 |
| 37 | January 7, 2004 | $200 |
| 38 | February 3, 2004 | $200 |
| 39 | March 1, 2004 | $200 |
| 40 | March 30, 2004 | $200 |

In violation of Title 18, United States Code, §§ 1951 and 2.

## COUNT FORTY-ONE: ILLEGAL GAMBLING BUSINESS

18 U.S.C. §§1955 and 2

(Video Gambling Machines – Defendants Anthony Megale, Victor Riccitelli, Gerard Grecco)

34. Paragraphs 1 though 7, 10 through 14, and 25 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

35. From in or about 1995 and continuously thereafter up to and including in or about May 2004, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **ANTHONY MEGALE, VICTOR RICCITELLI, and GERARD GRECCO,** defendants herein, together and with others known and unknown to the Grand Jury, did unlawfully, willfully and knowingly conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, said illegal gambling business involving the operation and maintenance of a video gambling machine business, in violation of the laws of the State of

Connecticut, including Connecticut General Statutes, Sections 53-278a, 53-278b, 53-278c, 53-278d, and 53-278e, which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of said business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

All in violation of Title 18, United States Code, §§ 1955 and 2.

**COUNT FORTY-TWO: ILLEGAL GAMBLING BUSINESS**
18 U.S.C. §§1955 and 2
(Sports Bookmaking – Defendants Anthony Megale, Victor Riccitelli, Gerard Grecco)

36. Paragraphs 1 though 7, 10 through 14, and 26 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

37. From in or about 1995 and continuously thereafter up to and including in or about May 2004, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **ANTHONY MEGALE, VICTOR RICCITELLI, and GERARD GRECCO,** defendants herein, together and with others known and unknown to the Grand Jury, did unlawfully, willfully and knowingly conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, said illegal gambling business involving the operation of a sports bookmaking business, in violation of the laws of the State of Connecticut, including Connecticut General Statutes, Sections 53-278a, 53-278b, 53-278c, 53-278d, and 53-278e, which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of said business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

All in violation of Title 18, United States Code, §§ 1955 and 2.

**COUNT FORTY-THREE: ILLEGAL GAMBLING BUSINESS**
18 U.S.C. §§1955 and 2
(Numbers Operation – Defendants Anthony Megale, Victor Riccitelli,
Gerard Grecco, William Williams, Jr.)

38. Paragraphs 1 though 7, 10 through 14, and 27 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

39. From in or about 1995 and continuously thereafter up to and including in or about May 2004, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **ANTHONY MEGALE, VICTOR RICCITELLI, GERARD GRECCO, and WILLIAM WILLIAMS, JR.**, also known as "Willie," defendants herein, together and with others known and unknown to the Grand Jury, did unlawfully, willfully and knowingly conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, said illegal gambling business involving the operation of an illegal numbers operation, in violation of the laws of the State of Connecticut, including Connecticut General Statutes, Sections 53-278a, 53-278b, 53-278c, 53-278d, and 53-278e, which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of said business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

All in violation of Title 18, United States Code, §§ 1955 and 2.

**COUNT FORTY-FOUR: ATTEMPTED HOBBS ACT EXTORTION**
18 U.S.C. §§1951 and 2
(Businessman #1 – Defendants Ignazio Alogna, Joseph Mascia, John Mascia, Jr.,
Alfred Scivola, Jr., and Henry Fellela, Jr.)

40. At all times material to this Superseding Indictment, Businessman #1 was engaged

in the business of operating nightclubs, the activities of which affected interstate and foreign commerce.

41. At all times material to this Superseding Indictment, **IGNAZIO ALOGNA,** also known as "Iggy," was a member of the Gambino Family with the rank of "Capo."

42. At all times material to this Superseding Indictment, **JOSEPH MASCIA**, also known as "Joey Mash," and **JOHN MASCIA, JR.**, also known as "Johnny Mash," were associates of the Gambino Family.

43. At all times material to this Superseding Indictment, **ALFRED SCIVOLA, JR.**, also known as "Chip" and "Chippy," was a member of the New England Crime Family and a resident of Rhode Island.

44. At all times material to this Superseding Indictment, **HENRY FELLELA, JR.**, also known as "Hank," was an associate of the New England Crime Family and a resident of Rhode Island.

45. On or about May 31, 2002, Businessman #1 was contacted by **JOSEPH MASCIA** who demanded a meeting with Businessman #1.

46. On or about June 6, 2002, Businessman #1 met at a location in Connecticut with **IGNAZIO ALOGNA, JOSEPH MASCIA, JOHN MASCIA, JR., ALFRED SCIVOLA, JR. and HENRY FELLELA JR.**, defendants herein. The defendants demanded payment of monies from Businessman #1 in the amount of $4,000 each month. The defendants told Businessman #1, in essence, that if payment were made, Businessman #1 and his nightclubs would not have problems.

47. On or about August 15, 2002, Businessman #1 met again with **JOHN MASCIA,**

**JR., ALFRED SCIVOLA, JR., and HENRY FELLELA, JR.** concerning their demand for money. The defendants told Businessman #1, in essence, that he had to keep the peace and indicated that he would avoid problems if he made the monthly payments they demanded.

48. From on or about May 31, 2002 through in or about September 2002, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, defendants **IGNAZIO ALOGNA, JOSEPH MASCIA, JOHN MASCIA, JR., ALFRED SCIVOLA, JR. and HENRY FELLELA JR.**, did attempt to unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, § 1951(b)(3), and the movement of articles and commodities in such commerce by extortion, as that term is defined in Title 18, United States Code, § 1951(b)(2), in that the defendants did attempt to obtain money from Businessman #1, with said businessman's consent having been induced by the wrongful use of actual and threatened force, violence and fear, including but not limited to fear of physical and economic harm, and did threaten physical violence to any person or property in furtherance of a plan or purpose to extort money from Businessman #1.

In violation of Title 18, United States Code, §§ 1951 and 2.

**COUNT FORTY-FIVE: ATTEMPTED HOBBS ACT EXTORTION**
18 U.S.C. §§1951 and 2
(Businessman #3 – Defendant Vincent Fiore)

49. At all times material to this Superseding Indictment, Businessman #3 operated a social club in Fairfield County, Connecticut, the activities of said club affecting interstate and foreign commerce.

50. At all times material to this Superseding Indictment, **VINCENT FIORE,** also known as "Vinny," was an associate of the Gambino Family and closely associated with Anthony

Megale and Victor Riccitelli. In or about July 2003, **FIORE** became a "made" member of the Gambino Family with the rank of soldier.

51. On or about August 5, 2003, **FIORE,** and another person unknown to the Grand Jury, approached Businessman #3 at his social club and demanded payment of $30,000. When Businessman #3 refused to make payment, **FIORE** physically assaulted him.

52. From on or about August 5, 2003 through in or about December 2003, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, defendant **VINCENT FIORE** did attempt to unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, § 1951(b)(3), and the movement of articles and commodities in such commerce by extortion, as that term is defined in Title 18, United States Code, § 1951(b)(2), in that the defendant did attempt to obtain money from Businessman #3, with said businessman's consent having been induced by the wrongful use of actual and threatened force, violence and fear, including but not limited to fear of physical and economic harm, and did threaten and did commit physical violence to any person or property in furtherance of a plan or purpose to extort money from Businessman #3.

In violation of Title 18, United States Code, §§ 1951 and 2.

**COUNT FORTY-SIX: NARCOTICS CONSPIRACY**
21 U.S.C. § 846
(Defendants Victor Riccitelli and Richard Terico)

53. On or about October 15 and 16, 2003, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **VICTOR RICCITELLI** and **RICHARD TERICO**, also known as "Bam," the defendants herein, and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, confederated, and agreed together

and with one another, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(ii).

All in violation of Title 21, United States Code § 846.

**COUNT FORTY-SEVEN: NARCOTICS DISTRIBUTION**
21 U.S.C. § 841 and 18 U.S.C. § 2
(Defendants Victor Riccitelli and Richard Terico)

54. On or about October 16, 2003, in the District of Connecticut, **VICTOR RICCITELLI** and **RICHARD TERICO**, also known as "Bam," the defendants herein, did knowingly and intentionally possess with intent to distribute, and distribute, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(ii); and Title 18, United States Code, § 2.

**COUNT FORTY-EIGHT: NARCOTICS CONSPIRACY**
21 U.S.C. § 846
(Defendants Victor Riccitelli, David Bean, Jose Guzman, and Hector Fernandez)

55. From on or about January 27, 2004, the exact date being unknown to the Grand Jury, to on or about February 2, 2004, in the District of Connecticut and elsewhere, **VICTOR RICCITELLI, DAVID BEAN, JOSE GUZMAN** and **HECTOR FERNANDEZ**, the defendants herein, and others unknown to the Grand Jury, knowingly and intentionally combined, conspired, confederated, and agreed together and with one another, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute, 500

grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(ii).

All in violation of Title 21, United States Code, § 846.

**COUNT FORTY-NINE: NARCOTICS DISTRIBUTION**
21 U.S.C. § 841 and 18 U.S.C. § 2
(Defendants Victor Riccitelli, David Bean, Jose Guzman, and Hector Fernandez)

56. On or about February 2, 2004, in the District of Connecticut, **VICTOR RICCITELLI, DAVID BEAN, JOSE GUZMAN** and **HECTOR FERNANDEZ**, the defendants herein, did knowingly and intentionally possess with intent to distribute, and distribute, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(ii); and Title 18, United States Code, § 2.

A TRUE BILL

FOREPERSON

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY
CHIEF, STRIKE FORCE

MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY

I hereby certify that the foregoing is a [illegible] document on file. Date: 10/6/04
[illegible]
Clerk
By ..........
Deputy Clerk

I Hereby certify that the foregoing is a true copy of the original document on file. Date: 6/5/07
KEVIN F. ROWE
Clerk
By ______
Deputy Clerk